SAMPOL, PLAINTIFF AND APPELLANT, *v.* HEIRS OF COLÓN,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action
of Debt.—Motion for Dismissal of the Appeal.

No. 2692.—Decided May 16, 1922.

APPEAL—NOTICE OF APPEAL.—It being proved that on March 4, 1922, the day
on which the time within which to appeal expired, the attorney for the party
who recovered the judgment received a copy of the notice of appeal, and
that a person who signed as agent of the clerk of the district court received
a registered package from the post office containing the notice of appeal and
the filing fees, it must be concluded that the appeal was filed in time and
should not be dismissed.

The facts are stated in the opinion.

*Mr. H. R. Francis* for the appellant.

*Mr. F. González* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The time within which to appeal from the judgment in
this case expired on Saturday, March 4, 1922. The attorney
for the party who recovered judgment received on that day
a copy of a notice of appeal from the adverse party, and
another person received a registered envelope delivered by
a post-office employee and signed a receipt therefor as agent
of the clerk of the district court. The said envelope con-
tained a notice of appeal and a certain sum of money for
filing fees, as stated under oath by the appellant's attorney.
The clerk filed the notice of appeal on Monday, March 6,
and now the appellees move that the appeal be dismissed
because taken too late, and the appellant opposes this mo-
tion, alleging that he delivered his notice of appeal to the
clerk before the expiration of the time within which to ap-
peal and that he has made a motion to the court below for
an amendment of the record so that the notice of appeal
may appear as filed on March 4.

The only controversy between the parties. at this time is
whether the appeal must be considered as taken on March
6, when the clerk filed the notice, or as taken · on March 4,

when the clerk, by his agent, received the registered envelope containing the notice of appeal and the filing fees.

Section 296 of the Code of Civil Procedure reads as follows:

"An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

In accordance with that statute, an appeal is taken by delivering the notice of appeal to the clerk. The word *"entregando"* or the words "by filing" of the English text, used in the said statute, signify the act of giving the clerk possession of the notice of appeal, with the corresponding fees when necessary; therefore, the clerk's failure to file it does not prejudice the rights of the parties. 3 Words and Phrases Judicially Defined, 2764, 2768, and citations; 1 Bouvier's Law Dictionary, 782.

Hence, as the notice of appeal was delivered to the clerk on Saturday, March 4, before the time for appealing had expired, the appeal was taken in time, although the clerk did not file the notice until the following Monday; therefore, the motion for dismissal must be overruled.

*Motion overruled.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.